UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL DUBOIS,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES, et al.,<br><br>      Defendants. | No. 26-cv-10172-JDH |

## ORDER FOR REASSIGNMENT
## AND REPORT AND RECOMMENDATION FOR DISMISSAL

HEDGES, M.J.

*Pro se* plaintiff Paul Dubois, who is confined at MCI Norfolk, has filed a civil complaint

and paid the $405 filing fee.  For the reasons stated below, I will order that this action be

reassigned to a District Judge, and recommend to the District Judge that this action be dismissed

for failure to state a claim upon which relief may be granted.

**I.      Order for Reassignment**

Pursuant to a Standing Order of this Court, a case may be randomly assigned, at the time

of filing, to a Magistrate Judge.  However, absent the parties' consent to the final assignment of

this case to a Magistrate Judge, a Magistrate Judge is without jurisdiction to involuntarily

dismiss an action.  *See* 28 U.S.C. § 636(b)(1)(A).

This action was drawn to a Magistrate Judge under the above-described protocol.  As set

forth below, I conclude that this action is subject to dismissal.  Because the parties have not

consented to the final assignment of this case to a Magistrate Judge, I order that this action be

reassigned to a District Judge.

**II.     Report and Recommendation**

Because Mr. Dubois is a prisoner and brings this action against a governmental entity, his complaint is subject to a preliminary review, and the Court may dismiss the pleading if it fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A.

**A.     Mr. Dubois's Claims**

In 2004, a Barnstable County jury convicted Mr. Dubois of first-degree murder, which conviction was affirmed by the Massachusetts Supreme Judicial Court in 2008.  *Commonwealth v. Dubois*, 883 N.E.2d 276 (Mass. 2008) (affirming conviction and denial of motion for a new trial).  In the present action, Mr. Dubois alleges that "the United States . . . along with the Commonwealth of Massachusetts . . .  [are] impeding the Plaintiff's access to the court to redress the legality of court Orders and Rulings(s)" concerning the Commonwealth's alleged lack "of Jurisdiction to [have brought] Plaintiff to trial" in that criminal proceeding.  Docket No. 1 ¶ 1 (emphases omitted).  Mr. Dubois alleges that, in the course of his federal court challenges to his conviction, the Commonwealth and the United States Courts have violated his "inherent right to due process of law and equal protection" provided by the United States Constitution and the Massachusetts Constitution.  *Id.*  In his prayer for relief, Mr. Dubois "demands restoration of his liberty and his property," *id.* ¶ 41, requests restoration of his ownership rights to certain real property, *id.* ¶¶ 42-43, and asks for compensation for lost wages and Social Security benefits during his pretrial detention and sentence of incarceration, *id.* ¶ 44.

"[T]o properly facilitate this suit," Mr. Dubois included with his complaint a lengthy appendix containing "the entire relevant historical 'Procedural' record of the underlying case." *Id.* ¶ 2.  The appendix includes, *inter alia*, approximately 190 pages of documents from the two cases he already filed in this Court implicating his state court conviction.  Docket No. 1-1 at

2

157-176, 185-188, 197-355, 363-374.  In *Dubois v. Alves*, No. 22-cv-10362-IT, 2023 WL 319857 (D. Mass. Jan. 19, 2023), the Court denied as untimely Mr. Dubois's petition for habeas relief.  *See id.* at *3-4.  Both the District Court and the First Circuit denied a certificate of appealability.  *See Dubois v. Alves*, No. 23-1122, 2023 WL 5122718 (1st Cir. May 26, 2023).  In a separate action, *Dubois v. Alves*, No. 22-cv-11203-RGS, 2023 WL 3061401 (D. Mass. Apr. 24, 2023), Mr. Dubois filed a civil rights complaint which included claims that he had been unlawfully extradited from Missouri to Massachusetts to stand trial in the murder case and that the state prosecutor and defense counsel conspired together.  *See id.* at *1.  The case was dismissed for failure to state a claim upon which relief could be granted.  *Id.* at *4-5.

**B.      Discussion**

To "show that the [plaintiff] is entitled to relief," the complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Further, the well-pleaded allegations must "sustain recovery under some actionable legal theory."  *N.R. by & through S.R. v. Raytheon Co.*, 24 F.4th 740, 746 (1st Cir. 2022) (quoting *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008)).

Here, I find that Mr. Dubois's complaint fails to state a claim upon which relief may be granted because he does not seek relief under an "actionable legal theory."

**1.      Immunity of the Defendants**

The United States (including its various branches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Sovereign immunity is jurisdictional, and "deprives

3

courts of the power to hear suits against the United States absent Congress's express consent." *United States v. Miller*, 604 U.S. 518, 527 (2025).  The United States has not waived its immunity to suit with regard to Mr. Dubois's claims that the federal courts deprived him of his constitutional rights.

The Eleventh Amendment affords states and their agencies immunity from suit in federal court, unless Congress has validly abrogated that immunity or the state has waived its immunity by consenting to suit.  *See Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011) ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State.")[1]; *McKenna by & through McKenna v. Maine Dep't of Health & Hum. Servs.*, 152 F.4th 14, 18 (1st Cir. 2025).  Here, Mr. Dubois does not bring a claim against the Commonwealth for which it has waived, or Congress has validly abrogated, the state's Eleventh Amendment immunity.[2]

### 2.    Improper Challenge to Confinement

Further, to the extent Mr. Dubois seeks release from custody, he fails to state a claim upon which relief may be granted because, in a federal court, the only vehicle by which he may challenge the validity of his confinement is a petition for a writ of habeas corpus.  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*,

---

[1] The sovereign immunity of a state is often referred to as "Eleventh Amendment immunity" because the Eleventh Amendment to the United States Constitution "confirm[ed] the structural understanding that States entered the Union with their sovereign immunity intact." *Va. Off. For Prot.*, 563 U.S. at 253.

[2] The Court notes that a state is not subject to suit under 42 U.S.C. § 1983 in state or federal court.  *See Will v. Michigan Dep't of State Polic*e, 491 U.S. 58, 71 (1989); *Segrain v. Duffy*, 118 F.4th 45, 72 n.16 (1st Cir. 2024).

411 U.S. 475, 484 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citation omitted).  That Mr. Dubois's prior federal habeas petition was deemed untimely does not allow him to now seek release through a non-habeas action.

### III.   Conclusion

In accordance with the foregoing:

1.      The Clerk shall reassign the case to a District Judge.

2.      I RECOMMEND to the District Judge that this action be dismissed for failure to state a claim upon which relief may be granted.[3]

SO ORDERED.

Dated: May 28, 2026

/s/ Jessica D. Hedges
United States Magistrate Judge

---

[3] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b) and Rule 3 of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within fourteen days of service of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.